39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randall SCHNEIDERMAN, Defendant-Appellant.
 No. 93-1414.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and EBEL, Circuit Judges, and BROWN, District Judge.[2]
 
 
 2
 Defendant Randall Schneiderman appeals his convictions for wire fraud, 18 U.S.C. 1343, and mail fraud, 18 U.S.C. 1341. We exercise jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 Defendant Schneiderman and codefendant Frank F. Moore, III[3] engaged in a complicated scheme to defraud Ford Motor Credit Company and various other lenders. The gist of the scheme was that Schneiderman and Moore purchased various vehicles, falsified the value of the vehicles to loan officers at credit institutions (as well as falsifying other information in their loan applications), and thereby obtained loans for much more than the value of the vehicles. Shortly after obtaining the loans, Schneiderman and Moore ceased making payments.
 
 
 4
 The two defendants were indicted on four counts of wire fraud, 18 U.S.C. 1343, and one count of mail fraud, 18 U.S.C. 1341. In June 1993, Defendants were tried together and both were convicted on all five counts. The district court sentenced Defendant Schneiderman to twenty-four months imprisonment and codefendant Moore to thirty-seven months imprisonment and ordered each to pay $15,000 restitution. This appeal followed.
 
 
 5
 On appeal, Defendant contends the district court erred by: (1) failing to grant his motion for severance or, in the alternative, give a cautionary instruction based upon evidence introduced against codefendant Moore, and (2) failing to grant his motion for severance, for a mistrial, or for a limiting instruction following "disruptive" conduct by codefendant Moore.[4]
 
 
 6
 We have read the briefs submitted by the parties and reviewed the record on appeal. Based upon our review of the record, we find no reversible error and we affirm.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Both parties waived oral argument. The case is therefore submitted on the briefs. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 See United States v. Moore, No. 93-1416, 1994 U.S.App. Lexis --- (10th Cir. --- ---, 1994) (companion case)
 
 
 [4]
 Defendant also argues that the cumulative effect of various alleged trial errors deprived him of his constitutional right to a fair trial. We do not consider this issue because it is raised for the first time on appeal. See United States v. Mendoza-Lopez, 7 F.3d 1483, 1485 n. 2 (10th Cir.1993), cert. denied, 114 S.Ct. 1552 (1994)